ADA L. STARR, RESPONDENT, *v.* MARY B. G. CRAGIN, APPELLANT.

*Action for conversion — value of articles must be proved — the hostile feeling of a witness to a party may be proved.*

In an action for conversion the value of the articles must be proved, whether denied in the answer or not.

Where the plaintiff has testified in her own behalf, the defendant should be allowed to prove statements made by the plaintiff that she would get even with both the defendant and her husband.

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying a motion for a new

trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover the sum of $781 as damages for the conversion by the defendant to her own use of money, jewelry and other articles of property belonging to the plaintiff.

*Theodore Arnold*, for the appellant.

*C. Frost*, for the respondent.

GILBERT, J.:

Upon the question of conversion we think there was sufficient evidence to sustain the verdict. But the courts below committed an error in rejecting evidence of a threat made by the plaintiff against the defendant and her husband to get even with both of them. The competency and materiality of evidence to prove the existence of hostile relations between a witness and the party against whom he is called is well settled. (*Newton* v. *Harris*, 2 Seld., 345; *Patterson* v. *People*, 12 Hun, 140.) The charge that there was no dispute about the value of the articles converted was erroneous. Value must be proved whether denied in the answer or not. (*Connoss* v. *Meir*, 2 E. D. Smith, 314.) The exception on this point is vague, but perhaps it is sufficient according to *People ex rel. Dailey* v. *Livingston* (79 N. Y., 279). The verdict being a general one, we cannot say that it was not founded upon the conversion of the articles in respect to which there was no evidence of value.

The judgment should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and a new trial granted, costs to abide event.